**Tannenbaum, Liquidating Receiver of Computab, Inc., v. May Department Stores Company**

*Herbert G. Sheinberg* and *Frederick N. Frank,* of *Raphael, Sheinberg & Barmen, P. A.,* for plaintiff.

*Garland H. McAdoo, Jr.,* of *Tucker, Arensberg & Ferguson,* for Pittsburgh National Bank, additional defendant.

DOYLE, J., August 5, 1974.—Plaintiff, as Liquidating Receiver of Computab, Inc. (Computab) *and* as an officer of impleaded defendant, Systems Data Control, Inc. (Sydac), *and* individually, petitions the court for an order, under Pennsylvania Rule of Civil Procedure 4009(1), directing impleaded defendant Pittsburgh National Bank, N.A. (PNB) to produce

for inspection and copying: (1) Corporate resolutions of Sydac authorizing the creation of its demand deposit account with PNB; (2) drawer signature cards pertinent to said account; (3) monthly statements of said account delivered by PNB to Sydac; (4) cancelled checks relating to the monthly statements. At the time plaintiff presented his petition, PNB presented its motion for a protective order under Pa. R. C. P. §4011(c), asserting that bank records relating to its accounts with customers are privileged and, sans consent of customer Sydac, the bank may not release the requested information. That motion is before us for disposition.

Some rules investing persons with the privilege of refusing to testify in direct or ancillary judicial proceedings are founded in constitutions. The privilege that no one "shall be compelled in any criminal case to be a witness against himself" is founded in Amendment V, United States Constitution; a defendant in any criminal proceeding "cannot be compelled to give evidence against himself" is found in article I, sec. 9, Pennsylvania Constitution.

Other privileges and immunities are based on statutes. Interspousal immunity (criminal proceedings), Act of May 23, 1887, P. L. 158 (No. 89), 19 PS §683; interspousal immunity (civil matters), Act of May 23, 1887, supra, 28 PS §317; lawyer-client privilege (criminal proceedings), Act of 1887, supra, 19 PS §686; lawyer-client privilege (civil matters), Act of 1887, supra, 28 PS §321; physician-patient privilege, Act of June 7, 1907, P. L. 462 (No. 311), 28 PS §328; news reporter-informant privileges, Act of June 25, 1937, P. L. 2123 (No. 433), 28 PS §330; public accountant-client privilege, Act of May 26, 1947, P. L. 318, 63 PS §9.11a; school personnel-student privilege, Act of March 10, 1949, P. L. 30, 24 PS §10-1319; clergyman-

penitent privilege, Act of October 14, 1959, P. L. 1317 (No. 443), 28 PS 331; psychologist-client privilege Act of March 23, 1972, P. L. 90 (No. 52), 63 PS §1213.

In general, the privilege "belongs" to the person who previously disclosed the information in confidence to the person from whom that information is now sought to be obtained; except, of course, self-incrimination, which is a privilege granted generally. In the matter at bar, we are asked to add "banker-customer" to the privileged list.

Courts have no inherent power to specially, or generally, invest witnesses with any privilege to refuse to testify, nor to create privileges in the field of law relating to evidence and witnesses. Power to prescribe rules of evidence and, per extenso, rules creating privileges not to testify, was specifically denied to Pennsylvania courts by the Constitutional Convention of 1967-1968 during the debate on the Judiciary Article, Resolution No. 1000, Con. Con. 1968. As originally submitted, that resolution invested the Supreme Court with power to prescribe rules of evidence, but the convention excised that power from Article V; and Article V excluding that power was approved by the electorate. It is argued that the specific power was excised because its inclusion was unnecessary. But surplusage does not create; whereas exclusion affirmatively denies. Such argument is little more than a self-fulfilling prophecy which does not equiponderate with, much less preponderate over, the argument that exclusion is a direct denial of power.

Textwriters insist that the asserted privilege is non-existent. See 109 A. L. R. 1450, Annot.: Testimonial or evidentiary privilege in respect of business transactions between banker or broker and customer (1937), which states:

"It is clearly the general rule that a banker or broker may not refuse to answer questions or to produce letters or documents relating to transactions between himself and a customer, where the testimony as to such transactions is material to the issues involved in the pending proceeding, on the ground that communications between him and his customers are confidential and privileged."

At least two trial courts in Pennsylvania have held in varying circumstances that no such privilege exists: Edris's Estate, 25 Pa. Co. Ct. 377 (Lebanon, 1901); McManus v. Freeman, 2 Dist. 144 (Phila. 1892). Several Federal courts have also refused to recognize the asserted privilege. See Stark v. Connally, 347 F. Supp. 1242, affirmed in part sub nom. Calif. Bankers Association v. Shultz, U. S. , 42 U. S. L. W. 4481, (April 1, 1974); Donaldson v. United States, 400 U. S. 517 (1971); United States v. Union National Bank, 122 Pitts. L.J. 212 (W. D. Pa., 1974); Rosenblatt v. Northwest Airlines, Inc., 54 F. R. D. 21 (S.D.N.Y., 1971).

In addition, the legislature requires bankers to disclose to certain public officers information relating to accounts of persons applying for or receiving public assistance: Act of April 18, 1935, P. L. 48, as amended, 7 PS §5001(a), now the Act of June 13, 1967 (No. 21), 62 PS §487(a).

Rightfully restrained by the ancient and necessary rule, jus dicere, et non jus dare, we will not invade the legislative prerogative. Thus, we must and do hold that the duty of confidentiality which a banker owes to his customer does not create any privilege or immunity overcoming the duty of relevant disclosure which the banker or the customer owes to another litigant under discovery rules in judicial proceedings.

An appropriate order will be entered.

### ORDER

And now, August 5, 1974, after considering arguments and briefs of counsel, the motion for a protective order filed by Pittsburgh National Bank, N.A., is denied and the prayer of the petition of plaintiff is granted.